FILED

15 DEC -4 PM 3: 24

FILED IN
5th COURT OF APPEALS
DALLAS TEXAS
DALLAS CO., TEXAS
12/10/2015 11:58:47 AM
LISA MATZ
DEPUTY
Clerk-

Judgment sentence date  11/4/2015

Motion for new trial filed    No ☐  Yes ☑  Date 12/3/2015

Deputy District Clerk

THE STATE OF TEXAS

CAUSE NO. F 14-570

VS.                                        Criminal   DISTRICT COURT  1

CORY DEVOYSE F INN            DALLAS COUNTY, TEXAS

# DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH
# APPOINTMENT OF ATTORNEY ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant in the above cause and states: I am the defendant in the above cause; I was convicted in this cause and now give Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas of Dallas, Texas, and that I am penniless, destitute and indigent person, too poor to employ counsel to represent me on the appeal, and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein. WHEREFORE, I pray that the Court will appoint an attorney to represent me in this appeal and that the Court will order the Court Reporter of this Court to prepare and deliver me or my appointed Counsel the original and a true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical.

X _____
        Defendant

BEFORE ME, the undersigned authority, personally appeared the above Defendant, known to me to be the person whose signature appears above, and after being duly sworn on oath states that he is the defendant in the above cause, and that the matters and things set forth in the foregoing are true and correct in all things.

Felicia Pitre
District Clerk                              By _____
Dallas County, Texas                          Deputy District Clerk

## ORDER

The Defendant having requested the Court to appoint Counsel, it is Ordered the Honorable

Michael Casillas     Address: 351 S. Riverfront Blvd. Dallas Tx 75207

a regular licensed and practicing attorney of Texas, be, and he/she is hereby appointed to represent Defendant in prosecuting his/her appeal herein, and it is further Ordered that the Court Reporter is hereby directed to transcribe al of the notes as same may appertain to his cause and as taken during the

trial of this cause which began on   November 2, 2015                    ,        .
and make Statement of Facts in duplicate and furnish same to defendant or his appointed Counsel.

## Cause Number: F14-57024

| THE STATE OF TEXAS | § | CRIMINAL DISTRICT |
|---|---|---|
| V. | § | COURT 1 OF |
| CORY DEVOYSE FINN | § | DALLAS COUNTY, TEXAS |

## NOTICE OF APPEAL

Cory Devoyse Finn (hereinafter Appellant) was convicted of failure to stop and render aid (FSRA) under trial court cause number F14-57024. Appellant's convictions was secured in the Criminal District Court Number 1 of Dallas County, Texas in a case that was styled in the trial court as The State of Texas v. Cory Devoyse Finn.

Through his appellate counsel, Michael R. Casillas, Appellant hereby provides notice to the trial court that it his desire to appeal the trial court's judgment of conviction of November 4, 2015. Appellant desires to appeal the trial court's judgment of conviction to the Fifth District Court of Appeals in Dallas, Texas.



Michael R. Casillas, Attorney At Law
SBOT #03967500
351 S. Riverfront Blvd.
Dallas, Texas 75207
214.748.5200
michael@londonlawdfw.com

## CERTIFICATE OF SERVICE

Undersigned appellate counsel hereby certifies that a true and correct copy of the foregoing document – in either paper or electronic format – has been served on counsel for the opponent, the State of Texas, by either delivering said copy by hand to the Appellate Division of the Office of District Attorney of Dallas County, 133 N. Riverfront Blvd., Dallas, Texas 75207 or by e-mailing said copy to the e-mail address of the Appellate Division of the Dallas County District Attorney no later than December 18, 2015.

Michael R. Casillas,
Attorney At Law

CASE NO. F-1457024-H
INCIDENT NO./TRN: 917667634X

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| V. | § | COURT #1 |
| | § | |
| CORY DEVOYSE FINN | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03444589 | § | |



# JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. **Martin Richter** | Date Judgment Entered: | **11/4/2015** |
|---|---|---|---|
| Attorney for State: | **Alexandra Guio** | Attorney for Defendant: | **Donald Mackenzie** |

Offense for which Defendant Convicted:
**FAILURE TO STOP AND RENDER AID SBI**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **550.021 Penal Code** |

Date of Offense:
**7/23/2014**

| Degree of Offense: | Plea to Offense: |
|---|---|
| **3RD DEGREE FELONY** | **NOT GUILTY** |
| Verdict of Jury: | Findings on Deadly Weapon: |
| **GUILTY** | **N/A** |

| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Punishment Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | **11/4/2015** | **11/4/2015** |

| Punishment and Place of Confinement: | **18 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ -0- | $ 269.00 | $ N/A (see below) | ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **7/23/2014** to **11/4/2015**    From   to     From   to |
| | From   to    From   to     From   to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.



It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

_____

X _____
Robert Burns
JUDGE PRESIDING

Clerk: D.GILL

*Thumbprint Certification attached.

Right Thumbprint*

## JUDGMENT
## CERTIFICATE OF THUMBPRINT

**THE STATE OF TEXAS**

CAUSE NO. F _JH - 57024_ -H

**VS.**

___CRIMINAL___ **DISTRICT COURT** #1

_Finn, Cory DeVoyse_

**DALLAS COUNTY, TEXAS**

_No Small Finger._

**RIGHT THUMB**

DEFENDANT'S _R_ HAND

**THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.**

**DONE IN COURT THIS** _04_ **DAY OF** _November_ **, 20** _15_ .

_#58L_

**BAILIFF/DEPUTY SHERIFF**

*INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:

_____ **LEFT THUMBPRINT**           _____ **LEFT/RIGHT INDEX FINGER**

_____ **OTHER,** _____

**SIGNED AND ENTERED ON THIS** _04_ **DAY OF** _November_ **, 20** _15_ .

**PRESIDING JUDGE**

MARTIN RICHTER
Senior Judge 5th Court of Appeals
Sitting by Assignment

Cause Number F14-57024

FILED
15 DEC -3 PM 1:53

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
_____DEPUTY

| CORY DEVOYSE FINN | § | CRIMINAL DISTRICT |
| V. | § | COURT 1 OF |
| THE STATE OF TEXAS | § | DALLAS COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

Cory Devoyse Finn (hereinafter Finn) was convicted under trial court cause number F14-57024 in the Criminal District Court Number 1 of Dallas County, Texas in a case styled in the trial court as The State of Texas v. Cory Devoyse Finn. Through his appointed appellate counsel, Michael R. Casillas, Finn hereby moves to be granted a new trial under the relevant provisions of the Texas Rules of Appellate Procedure because of serious legal error that impacted Finn's substantial rights in not only the guilt/innocence portion fo the trial court proceedings, but also the punishment phase proceedings thereof.

In support of his contentions, Finn would show the Court as follows:

### I.

The Texas Rules of Appellate Procedure expressly permit a defendant in Finn's position to file a motion seeking a new trial. *See* Tex. R. App. P. 21. While Texas law formerly prohibited trial courts from granting defendants in Finn's position new trials only as to punishment, the Texas Rules of Appellate Procedure specifically permit trial

courts to grant new trials either as to the entirety of the trial or as to punishment only. *See* Tex. R. App. P. 21.1(a)-(b); Tex. R. App. P. 21.9(a). Texas jurisprudence has recognized that trial courts may grant defendants in Finn's position new trials not only on the grounds specifically listed in the Texas Rules of Appellate Procedure, but also under the aegis of being "in the interest of justice." State v. Thomas, 428 S.W.3d 99, 104-07 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 21.3(a)-(h); State v. Herndon, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007).

By rule of appellate procedure and principles of jurisprudence, a defendant in Finn's position may move for a new trial based on the grounds that the verdict is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3(h); State v. Zalman, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013); Bogan v. State, 180 S.W. 247, 248 (Tex. Crim. App. 1915). Accordingly, Finn hereby moves for a new trial because the verdict of the jury is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3(h); Zalman, 400 S.W.3d at 594; Bogan, 180 S.W. at 248.

## II.

While Finn's initial aforementioned claim is more than sufficient to justify the granting of a motion for new trial by this Court, Finn – as is his right under the relevant provision of the Texas Rules of Appellate Procedure – hereby also moves for a new trial as to punishment only. *See* Tex. R. App. P. 21.1(b); Tex. R. App. P. 21.9(a).

Documentation that will eventually appear in the Clerk's Record in the instant case show that Finn man was assessed for competence sometime before the trial on the merits. Finn asserts that this supports the conclusion that Finn had to contend with mental health related issues. Despite the proof of Finn's mental health issues, Finn was sentenced to imprisonment for a period of 18 years in a case in which the State's own charging instrument conceded that an "accident" had been involved. A new trial on punishment is more than merited because Finn's 18-year sentence constitutes a grossly disproportionate punishment and because Finn's 18-year sentence is violative of the goals of the Texas Penal Code that are directly expressed by the actual language thereof. Tex. Pen.Code §1.02. Additionally, if Finn's trial counsel failed to object to the 18-year sentence on the grounds asserted above, Finn's trial counsel may well have rendered ineffective assistance by failing to preserve such potential legal issues for appellate review because failing to preserve such an issue is in no consistent with functioning as counsel relative to Finn's rights and legal interests. *See, e.g.*, Patrick v. State, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

Accordingly, Finn's instant motion for new trial should be granted and Finn should receive a new trial.

## III.

WHEREFORE, PREMISES CONSIDERED, Finn prays that this Court will

grant Finn's instant motion for new trial.

/s/Michael R. Casillas  ~M. R. C.
Michael R. Casillas, Attorney At Law
SBOT #03967500
351 S. Riverfront Blvd.
Dallas, Texas 75207
214.748.5200
michael@londonlawdfw.com

## TRIAL COURT'S ACKNOWLEDGMENT OF PRESENTMENT OF INSTANT MOTION FOR NEW TRIAL

By affixing my signature below and also indicating the date upon which said aforementioned signature was affixed, I, the Hon. Robert Burns, the duly-elected judge of the Criminal District Court Number 1 of Dallas County, Texas do hereby acknowledge that a true and correct copy of the instant Motion For New Trial was presented to me by counsel for Cory Devoyse Finn.

The Hon. Robert Burns,
Presiding Judge
Criminal District Court Number 1
Dallas County, Texas

12-3-15
Date of Presentment and Signing

## CERTIFICATE OF SERVICE

Undersigned appointed appellate counsel hereby certifies that a true and correct copy of the foregoing document – in either paper or electronic format – has been served on counsel for the opponent, the State of Texas, by either delivering said copy by hand to the Appellate Division of the Dallas County District Attorney's Office or to the offices of the prosecutors assigned to the Criminal District Court Number 1, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207 or by e-mailing said copy to the e-mail address of the said Appellate Division (*i.e.*, DCDAAppeals@dallascounty.org) no later than December 4, 2015.

/s/Michael R. Casillas
Michael R. Casillas,
Attorney At Law